# United States Court of Appeals
### FOR THE DISTRICT OF COLUMBIA CIRCUIT

---

| | |
|---|---|
| **No. 09-5246** | **September Term, 2010** |
| | FILED ON: DECEMBER 28, 2010 |

SECURITIES AND EXCHANGE COMMISSION,
        APPELLEE

PUMA FOUNDATION, LTD.,
        APPELLANT

v.

PAUL A. BILZERIAN, ET AL.,
        APPELLEES

---

Consolidated with 09-5273, 09-5379

Appeals from the United States District Court
for the District of Columbia
(No. 1:89-cv-01854)

---

Before: ROGERS, TATEL and KAVANAUGH, *Circuit Judges*.

### J U D G M E N T

These appeals were considered on the record from the United States District Court for the District of Columbia and the briefs and oral arguments of the parties. For the reasons stated below, it is

**ORDERED** and **ADJUDGED** that the judgment of the District Court be affirmed.

This matter has a very long history that we need not recount here. Relevant to our purposes is the District Court's injunction in 2001 barring Paul Bilzerian and anyone acting in concert with him from commencing any proceeding in any court without the District Court's permission. Beginning in 2006, Bilzerian, David Hammer, and the Puma Foundation violated that injunction, and in 2009, the District Court held them in contempt. On appeal, Bilzerian, Hammer, and the Puma Foundation raise several arguments, none of which is persuasive.

First, appellants claim that the District Court lacked jurisdiction to impose a contempt sanction. We disagree. "The power to punish for contempts is inherent in all courts; its existence is essential to the preservation of order in judicial proceedings, and to enforcement of the judgments, orders, and writs of the courts, and consequently to the due administration of justice." *Ex parte Robinson*, 86 U.S. 505, 510 (1874). Second, appellants argue that the District Court abused its discretion in finding Bilzerian, Hammer, and the Puma Foundation in contempt. The District Court found that appellants plainly violated the 2001 injunction, and we find no abuse of discretion in that conclusion. Moreover, because the court did not rely on any disputed issue of material fact in reaching its conclusion, no hearing was necessary. *Food Lion, Inc. v. United Food & Commercial Workers Int'l Union*, 103 F.3d 1007, 1019-20 (D.C. Cir. 1997). Third, Hammer contends that the District Court's decision to forward its opinion and order to the Florida Bar for consideration of disciplinary action transformed the civil contempt into criminal contempt. However, the mere forwarding of a civil contempt order to a bar association is not itself punitive. Finally, Bilzerian raises several arguments challenging the disgorgement judgment, which challenge was rejected in *SEC v. Bilzerian*, 29 F.3d 689 (D.C. Cir. 1994), and *SEC v. Bilzerian*, 75 F. Appx. 3 (D.C. Cir. 2003). That claim, based on new arguments, cannot be raised again. *See Allen v. McCurry*, 449 U.S. 90, 94 (1980).

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc. *See* FED. R. APP. P. 41(b); D.C. CIR. R. 41.

**Per Curiam**

                                        **FOR THE COURT:**
                                        Mark J. Langer, Clerk

BY:

                                        Michael C. McGrail
                                        Deputy Clerk